## UNITED STATES of America

### v.

## PSOINOS CONSTRUCTION CO., Inc. and Costas G. Psoinos.

### Crim. No. 67–182–W.

United States District Court
D. Massachusetts.

April 5, 1968.

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for plaintiff.

Harold Rosenwald, Boston, Mass., Robert H. Goldman, Lowell, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

The case is before the Court on a motion to dismiss the indictment on the ground that it fails to allege an offense under 29 U.S.C. § 186.

That section provides as follows:

"(a) It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, adviser, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

\*      \*      \*      \*      \*      \*

"(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, *any of the employees of such employer who are employed in an industry affecting commerce;*

\*      \*      \*      \*      \*      \*

(d) Any person who willfully violates any of the provisions of this sec-

tion shall, upon conviction thereof, be guilty of a misdemeanor and be subject to a fine of not more than $10,000 or to imprisonment for not more than one year, or both." (Emphasis supplied)

The indictment alleges:

"On or about June 2, 1966, at Methuen in the District of Massachusetts, PSOINOS CONSTRUCTION CO., INC., a corporation organized and existing in the Commonwealth of Massachusetts, with a usual place of business in Dracut, Massachusetts, and COSTAS G. PSOINOS of Dracut in said District, then an officer, that is treasurer, of said corporation, the employers of employees employed in an industry affecting commerce, did unlawfully, wilfully and knowingly pay and deliver, and agree to pay and deliver, to John F. Burns, then an employee, that is, business representative of Local Union No. 82, Haverhill, Massachusetts, United Brotherhood of Carpenters and Joiners of America, a labor organization which seeks to represent and would admit to membership employees of said employers, money in the amount of One Thousand Dollars ($1,000), more or less; in violation of 29 U.S.C. 186(a) (2)."

The motion draws attention to the fact that there is no allegation in the indictment that the employees whom Local Union No. 82 seeks to represent are themselves employed in an industry affecting commerce. All that appears is that their employers are in an industry affecting commerce and that they are employees of such an interstate establishment.

Inasmuch as it may well be that the employees whom Local Union No. 82 seeks to represent are themselves not employed in an industry affecting commerce, the indictment fails to charge the offense denominated by the statute. Cf. Sheet Metal Contractors Association v. Sheet Metal Workers International Association, 248 F.2d 307 (C.A.9, 1957). In short, there is missing an essential element requisite under the statute.

Motion to dismiss granted.